**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**GRACE M. POGORZELSKI,**

              **Plaintiff,**

              v.

**COMMUNITY CARE**
**PHYSICIANS, PC,**

              **Defendant.**
_____

**6:16-cv-498**
**(GLS/ATB)**

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Grace M. Pogorzelski
Pro Se
c/o Crystal Pogorzelski
166 Dunsbach Ferry Road
Cohoes, NY 12047

**FOR THE DEFENDANT:**
Nixon, Peabody Law Firm          ANDREW C. ROSE, ESQ.
677 Broadway, 10th Floor
Albany, NY 12207

Nixon, Peabody Law Firm          JOSEPH A. CARELLO, ESQ.
1300 Clinton Square              TODD R. SHINAMAN, ESQ.
Rochester, NY 14604

**Gary L. Sharpe**
**Senior District Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Plaintiff *pro se* Grace Pogorzelski brings this discrimination action under the Americans with Disabilities Act (ADA)[1] against her former employer, Community Care Physicians, PC (hereinafter, "Community"). (Compl., Dkt. No. 1.)  Pending is Community's motion to dismiss. (Dkt. No. 17.)  For the following reasons, the motion is denied.

### **II. Background**

**A.    Facts**[2]

Pogorzelski's alleged disability is "[t]riple-[n]egative [b]reast [c]ancer/[bilateral]." (Compl. at 2.)  On August 6, 2014, she notified her manager of her diagnosis "and requested that she adhere to the schedule that w[as] agreed upon when [Pogorzelski] was hired so that [Pogorzelski] could arrange for [r]adiation treatments." (*Id.* at 3.)  The manager offered her sympathy and said that "'of course, we will do whatever we can.  However, I need to speak to H[uman]R[esources].  Please keep me

---

[1] *See* 42 U.S.C. §§ 12101-12213.

[2] The facts are drawn from Pogorzelski's complaint and presented in the light most favorable to her.

2

abreast.'" (*Id.*) Twelve days later, on August 18, Pogorzelski was dismissed by her manager in the presence of the Human Resources Director. (*Id.*) When asked why, the Human Resources Director stated, "'[W]e don't owe you an explanation.'" (*Id.*) Pogorzelski replied that she hoped "it wasn't about something all together [sic] different[.]" (*Id.*) Her manager then said, "'[O]h[,] Grace, I would never do that.'" (*Id.*) The Human Resources Director again said that they did not owe Pogorzelski an explanation. (*Id.*)

B. **Procedural History**

On April 29, 2016, Pogorzelski filed a complaint against Community, claiming that her termination constitutes disability discrimination under the ADA. (*See generally* Compl.) Community thereafter filed the pending motion to dismiss. (Dkt. No. 17.) After Pogorzelski filed her response, (Dkt. No. 19), and Community replied, (Dkt. No. 20), Pogorzelski filed another response, (Dkt. No. 22). Community then filed a sur-reply, (Dkt. No. 25), after receiving permission to do so, (Dkt. Nos. 23-24).

III. **Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which

3

relief can be granted." For a full discussion of the governing standard for Rule 12(b)(6), the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

## IV. Discussion

### A. Sufficiency of Pogorzelski's Disability Discrimination Claim

Community argues that Pogorzelski failed to sufficiently allege a claim for discrimination under the ADA. (Dkt. No. 17, Attach. 1 at 1, 3-5.)

> In order to establish a prima facie case of discrimination under the ADA, a plaintiff must show (a) that h[er] employer is subject to the ADA; (b) that [s]he is disabled within the meaning of the ADA or perceived to be so by h[er] employer; (c) that [s]he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (d) that [s]he suffered an adverse employment action because of h[er] disability.

*Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008) (internal citation omitted). Community attacks the sufficiency of only the last element of causation. (Dkt. No. 17, Attach. 1 at 3-5.)[3] It argues that Pogorzelski "merely alleges that she informed her manager of her diagnosis and was terminated one and one-half weeks later," (*id.* at 3),

---

[3] As Community did not challenge any other elements of Pogorzelski's claim, the court does not address them. *See Berger v. N.Y.S. Office for People with Developmental Disabilities*, No. 6:16-CV-1277, 2018 WL 1444213, at *4 (N.D.N.Y. Mar. 22, 2018).

and fails "to allege any facts establishing a connection between her purported disability and her termination," (*id.* at 5 (footnote omitted)).

Community ignores a plethora of Second Circuit case law holding otherwise.[4]  "[T]emporal proximity is sufficient to raise an inference of discrimination to plausibly state a claim of employment discrimination." *Shlafer v. Wackenhut Corp.*, 837 F. Supp. 2d 20, 27 (D. Conn. 2011) (holding two-month temporal proximity between notifying employer of COPD diagnosis and termination sufficient to defeat motion to dismiss); *see Powell v. Merrick Acad. Charter Sch.*, 16-CV-5315, 2018 WL 1135551, at *6 (E.D.N.Y. Feb. 28, 2018) (holding one-month temporal proximity "easily close enough to raise an inference of discrimination" and collecting cases); *Karatzas v. Herricks Union Free Sch. Dist.*, 15-cv-2888, 2017 WL 3084409, at *15 (E.D.N.Y. July 18, 2017) (collecting cases). Thus, Pogorzelski's allegations that she was fired twelve days after notifying her manager of her diagnosis suffice to overcome Community's motion.[5]

---

[4] As a *pro se* litigant, the court affords Pogorzelski "special solicitude" by interpreting her complaint "to raise the strongest claims that it suggests." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (internal quotation marks and citation omitted).

[5] Community's reply, (Dkt. No. 20 at 1-2), and sur-reply, (Dkt. No. 25), concern Pogorzelski's efforts to supplement her complaint.  But the court did not consider any

5

## B.      Timeliness of Pogorzelski's Disability Discrimination Claim

Community's other argument is that Pogorzelski's claim is untimely. (Dkt. No. 17, Attach. 1 at 1, 5-6.)  "In order to be timely, a claim under the ADA must be filed in federal district court within [ninety] days of the claimant's receipt of a right-to-sue letter from the EEOC." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) (citing 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a)).  Pogorzelski's right to sue notice is dated January 26, 2016, (Dkt. No. 1, Attach. 1 at 1), and there is a presumption that it was mailed on that date and received three days later, *see Tiberio*, 664 F.3d at 37.  Therefore, Community argues, Pogorzelski received the notice on January 29, 2016 but did not file her complaint until April 29, 2016—one day after the ninety-day limit. (Dkt. No. 17, Attach. 1 at 5-6.)

However, a plaintiff may "'present[] sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its . . . date or that it took longer than

---

additional allegations in either of Porgorzelski's responses.  (Dkt. Nos. 19, 22); *see DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  The allegations of temporal proximity that defeat Community's argument are in her complaint.  (Compl. at 2, 3); *see Hardaway*, 879 F.3d at 489.

6

three days to reach her by mail.'"  *Tiberio*, 664 F.3d at 37 (quoting *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996)). Pogorzelski did just that; she attached the postmarked envelope from the EEOC to her response, and it is dated January 27, 2016.  (Dkt. No. 19 at 2, 6.)[6]  Pogorzelski thus filed the instant lawsuit within ninety days of her receipt of the right to sue notice, which means that her claim is timely.[7]

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Community's motion to dismiss (Dkt. No. 17) is

---

[6] Community argues that "[t]he postmark on the photocopy of the envelope . . . is illegible."  (Dkt. No. 20 at 3.)  However, the court examined Pogorzelski's original filing and confirmed that the postmark is indeed dated January 27, 2016.  The Clerk is hereby directed to file a legible copy of the envelope as an attachment to this Memorandum-Decision and Order.  Community also argues that "there is no credible proof that this envelope even contained the EEOC [right to sue notice]."  (*Id.*)  The court considers as credible proof the following: the envelope is addressed from the "U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION" and to "Grace M. Pogorzelski"; Pogorzelski asserts that the envelope contained the right to sue notice, (Dkt. No. 19 at 2); and the minuscule probability that the EEOC sent Pogorzelski a different document at the same time.  In other words, Community's argument is without merit.

[7] Pogorzelski alleges that she did not actually receive the notice until February 4, 2016. (Dkt. No. 19 at 2.)  "[T]he date the [right to sue] [n]otice was signed is irrelevant because the time within which to file the complaint does not begin to run until the [right to sue] [n]otice *actually has been received* by the plaintiff."  *Ortiz v. Stickley Furniture*, No. 91–CV–1195, 1993 WL 206269, at *4 (N.D.N.Y. June 7, 1993) (emphasis added).  And the right to sue notice itself says to "[g]ive your attorney a copy of this [n]otice . . . and tell him or her *the date you received it*."  (Dkt. No. 1, Attach. 1 at 2 (emphasis added).)  Arguably, this constitutes an alternative basis for holding that Pogorzelski's complaint was timely-filed.  *See Friedman v. Swiss Re Am. Holding Corp.*, 512 F. App'x 94, 96 (2d Cir. 2013); *Nielsen v. Flower Hosp.*, 639 F. Supp. 738, 739 n.2 (S.D.N.Y. 1986).  But the court need not and does not reach this issue.

7

**DENIED**; and it is further

    **ORDERED** that the Clerk file a legible copy of the envelope attached to Pogorzelski's response (Dkt. No. 19 at 6) as an attachment to this Memorandum-Decision and Order; and it is further

    **ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 30, 2018  
Albany, New York

*Gary L. Sharpe*  
U.S. District Judge